I disagree with the majority's opinion for two reasons. First of all, although in his complaint plaintiff stated a claim for suppression squarely under Code of 1975, §6-5-102, in his reply brief plaintiff states that his "claim is for intentional fraud, active concealment." In their brief, the defendants argue that there is no confidential relationship between the parties and that the particular circumstances of this case do not give rise to a duty on the part of the defendants to disclose. In his reply brief, however, the plaintiff responds to the defendants' lack-of-duty argument this way:
 "The brief of appellees argue[s] they were under no duty to disclose to Duke their plan to limit payments on the note to the profits of Southeastern. Appellees contend there was no confidential relationship or special circumstances that imposed upon them [a duty] to tell the whole truth as to how Duke would be paid. That argument disregards the fact that Duke's claim is for intentional fraud, active concealment.
 "This Court held in Berkel Company Contractors, Inc. v. Providence Hospital, 454 So.2d 496, 505 (Ala. 1984), on a claim for suppression of a material fact in violation of ALA. CODE § 6-5-102 (1975), that 'mere silence is not fraud unless confidential relations or special circumstances exist; active concealment or misrepresentation must be present.' Duke claims active concealment. Appellees' argument at pages 11 to 18 in their brief is misplaced in that it concerns an aspect of fraud law not present on this appeal. Duke claims intentional fraud." (Emphasis added.)
Thus, it appears that the gravamen of plaintiff's claim is that of active concealment and intentional misrepresentation, thereby obviating the requirement that plaintiff establish a duty to disclose arising out of the relationship of the parties or the particular circumstances of the case, but nevertheless requiring plaintiff to adduce evidence of anintent to deceive. The majority, however, embraces the defendants' argument that no duty to disclose is present in this case, and, on that basis, as well as on its view that there is no evidence of fraud here, affirms summary judgment *Page 987 
as to both the § 6-5-102 suppression claim and plaintiff's claim for willful misrepresentation and deceit under § 6-5-103. Because the duty-to-disclose analysis is misplaced in this case, the majority's reliance on that principle as a basis for affirming summary judgment is erroneous.
I also disagree with the majority's assessment of the evidence in this case. The plaintiff clearly met his burden of establishing a scintilla of evidence of an intent to deceive on the part of the defendants. For that reason, I would reverse the summary judgment in favor of the defendants.
The gist of plaintiff's claim for willful misrepresentation is that, as an inducement to sell his business (Southeastern) to MPC and accept MPC's payment terms, the defendants, as directors of MPC, represented that the MPC note for $1,550,000 would be paid to the plaintiff by MPC according to its terms. Plaintiff claims that this representation constituted a willful misrepresentation because, at the time it was made, these defendants, along with the other directors of MPC (apparently also defendants), knew that they did not intend to pay the note according to its terms; rather it was their intention from the beginning to pay the installments due the plaintiff exclusively from Southeastern's earnings paid to MPC as dividends. In other words, the plaintiff claims that the defendants did not intend to pay from other MPC revenue sources the installments due plaintiff in the event Southeastern failed to generate dividends in an amount sufficient to meet those installments.
The plaintiff relies on the July 17 memorandum, the relevant portions of which are quoted in the majority opinion, as constituting at least a scintilla of evidence of the defendants' willful misrepresentation. The majority nevertheless "finds" that "[t]he July 17 memorandum didnothing more than restate what Duke already knew: that dividends paid by Southeastern to MPC could or would be used to meet MPC's obligation to pay on the promissory notes." The majority further finds "no evidence that Duke was unawareof MPC's intent." However, in opposition to defendants'motion for summary judgment, plaintiff adduced evidenceestablishing that, while he was aware that some or even all of the Southeastern dividends would be used by MPC to pay the installments due on the note, he did not know when hemade the sale that the defendants intended to restrictpayment of the note solely to the dividends MPC earned fromSoutheastern. Stated differently, plaintiff established that he did not know that his getting paid turned on whether the company he sold to MPC generated dividends sufficient to meet the installments due him. Plaintiff further established that he relied on the defendants' misrepresentations, and that had he known of the intended restriction, he would not have sold his shares on such payment terms. Thus, genuine issues of material fact exist as to plaintiff's claim for misrepresentation, and therefore, I would hold summary judgment was improper.